Case No. 16-1118 Walker Broadcasting Company, Inc., Appellant v. Federal Communications Commission Mr. Ferranti for the appellant, Mr. Scherer for the appellant Good morning Good morning, Your Honor. May it please the Court, Bill Ferranti for Walker Broadcasting We are here this morning on the FCC's rejection of a license application for a new television station, WFBT and its refusal to treat that station as eligible for the spectrum auction I'm happy to answer any questions the Court may have about eligibility, but I'd actually like to focus this morning on the license application because I think it's probably pretty clear from the briefing that the commission in setting a category in the incentive auction order brings Walker into that proceeding, but if and only if we can get over the forfeiture issuers we need to get our license application back on track. So let me start with forfeiture I think the first problem and the most basic problem here is that the very premise of the FCC's position is wrong The permit application was never a forfeit The APA requires prompt notice within a reasonable time when a license application is denied And what happened here, Walker completed physical construction and filed its license application on April 2, 2009 the day before its April 3 permit deadline It's not until six years later that we hear anything about forfeiture of the permit And in the meantime, not only was the license application under submission and being processed, so far as Walker knew But the FCC affirmatively acted on that application, including by inviting Walker to cure the very problem that the FCC would later say, in 2015, was incurable and fatal from the very get-go That has to be wavered because it's certainly not the prompt notice within a reasonable time that the APA requires Now, what the FCC says is that, well, forfeiture is automatic We didn't need to do anything There are two problems with that The first problem is that forfeiture is automatic for the permit, not the license application They still needed to deal with the license application One of the concurring commissioners, O'Reilly, noted the license application should have been denied years ago And that's true If forfeiture of the permit was the reason that the license application was going to be denied, it had to be denied well before 2015 But even setting that aside, just with respect to forfeiture of the permit And ignoring, again, the difference between the permit and the license application The commission didn't just do nothing It acted It affirmatively acted, repeatedly, giving every indication that the application was alive and being processed Start with the fact that the FCC screened the application and accepted it And then, when staff does get down to actually working on the application They found an issue, but they didn't bounce the application They reached out to Walker for correction That contact in June 2010 alone renders the forfeiture ruling arbitrary and capricious So, I don't understand your position on the supposed disaggregation between the construction permit and the license application So, your view is that even if the FCC is perfectly good insofar as the construction permit was automatically forfeited That there's still independent basis to the license application? What I'm trying to say, Your Honor, is that even if the construction permit was automatically forfeited They still needed to state that as a reason for denying the license application Okay, so we're not talking about whether the license application followed It's the way that they articulated it Yes, and the critical point here, I think, is that what 319B says and what 733598E, the regulation that they applied here It talks about automatic forfeiture of the permit We still have a license to cover on file It still needs to be actually denied And if that's the reason, and we're not saying that's an illegitimate or impossible reason For denying the license application But you can't wait six years to say that a defect that existed and was incurable from the very beginning Is now suddenly going to be the reason why we're throwing out your license application Particularly given that they knew about it The FCC indisputably knew about this problem for five years before they actually denied the application on this basis It's starting to sound like equitable supplement is what you're getting at Is that as a matter of equity, because of the events that took place in the interim There was no ability after the last of six years to deny the license I think that's one way to articulate the problem Another way to articulate the problem is that the commission entirely failed to consider an important aspect of the problem before it Which is to say that they could have relied on forfeiture years before they actually did So I think we can put it in terms of equitable supple, but I think it can also be put in terms of Are you saying that even if the construction permit were forfeited It doesn't follow that you're not entitled to a license? No, your honor, I'm sorry, let me be clear That is not at all what we're arguing We're arguing that if that's what follows, you need to say that You need to actually deny the license application within a reasonable time and giving prompt notice Which is what the APA requires Because the license application was still timely filed It was incomplete How can you have a license to operate if you don't have a permit to construct? You can't But if the FCC is going to deny the license application because the permit's been expired They need to actually deny the license application They can't just let this problem float in the background Let staff reach out to try to cure it Continually charge regulatory fees year in and year out That Walker diligently found They went in, they found their bills, they paid their bills 2009, 10, 11, 12, 13, so on every year So would that apply even if the construction permit had been denied Not because it was automatically revoked, but you got a notice So the construction permit You actually get a notice that says your construction permit has been denied No, your honor, I think that would be a different case That looks more like the Morris case that the FCC relied on Where the FCC finds the problem In that case it was paying fees for the cost of the license they got at auction They tell the applicant, we have a problem We're rejecting your license And then things keep going and the applicant tries to fix it Like at that point, once the FCC tells you that you have a problem And we're denying your application That's a very different situation The problem here is No, not the application, the permit I thought what Judge Randolph was getting at is that If you don't have a construction permit It's unclear why you could have a license  Well, yeah, but we had to be told that we didn't have the license And I guess all I'm saying is, would that even be true If you had been told that you didn't have the construction permit? If we had been told, that's a different case Whether we're talking about a problem with a permit That then undermines the application Or if it's just a problem with the application The point is, you need to tell us You can't just let the application sit there alive Isn't the permit, though, for a specific period of time And wouldn't you know that it expired? Well, but, Your Honor, the permit So the permit sets a deadline of April 4, 2009 And it says you have to finish construction And submit your application And we did I don't think there's any dispute in this case That Walker finished physical construction The only problem here Is that Walker tried to rely on Its interference data that was submitted in 2000 And then again in March 2009 Right before it filed its license application And it wasn't clear about that with the commission And the commission said that's not good enough We need to study So we didn't formally comply with every single aspect Of what our application should have held What this is, is an incomplete application And now, I'd like to just highlight Clear channel broadcasting is a commission decision That addresses staff's sua sponte waiver Of this very forfeiture provision And it says, the commission approved This is a 2011 decision It approved waiver of this provision By staff to process permits Where physical construction is complete And you just have a problem with your application There it was timeliness They filed their application late Here we had an application on file, on time The only problem was, it was incomplete So staff certainly could have waived this And we submit that they did By A, reaching out to Walker And B, by not timely denying the application And just briefly, I know I'm running out of time here I'd like to just note that Everything we just discussed Goes to another part of our argument Which is that the commission's discussion of the equities Is arbitrary and capricious The thing that really jumps out here There are three problems In the commission's assessment of the equities And that's centered on paragraph 9 I'm sorry, paragraph 12 of the commission's order The first and foremost The problem is that the FCC Never acknowledged its own role In what happened here It says, Walker alone is responsible For his lack of diligence And corresponding consequences Walker alone That same paragraph Walker's belated efforts Walker's failure to comply Walker alone Walker's lack of diligence The staff reached out to Walker By email and by telephone The staff never sent a deficiency letter And yet we got Walker alone The commission also failed to note That the public interest here Includes the fundamental There's a fundamental public interest In expediting new broadcast service So I think we can both Can I just wrap up for a moment, your honor? I think that we have A couple overlapping problems here And we haven't even talked about All the precedents And the way that these applications Were typically processed But I think if you look at What the commission did In its failure to timely notify Walker We have waiver of the rule That they finally end up applying in 2015 And even if it doesn't add up to waiver Their assessment of the equities Is arbitrary and capricious Thank you Thank you Good morning May it please the court Bill Sherriff for appellate The Federal Communications Commission Walker's construction permit For television station WFBT Was forfeited automatically On the April 3rd, 2009 Expiration date Because of Walker's failure To satisfy the operating condition To demonstrate non-interference With another licensed service Because Walker did not hold a valid permit As of the statutory cutoff date For the incentive auction in 2012 The FCC reasonably rejected Walker's claim for auction eligibility Walker's argument that the commission Waived or should have waived The forfeiture rule Amounts to an argument That the rule should be different Walker complains that the forfeited permit Was not promptly removed From the FCC databases But the rule provides For automatic forfeiture Without any further Affirmative cancellation By the commission Nor is waiver warranted Let alone compelled On equitable grounds Walker never requested a waiver Or excused its failure To meet the original permit deadline So with respect to the payments That were made I take it the commission Doesn't have any basis for saying That the payment shouldn't be refunded Since by your argument There was an automatic revocation And so no payment Should have happened at all Your honor The reason I think That the commission's Automated payment system Continued to generate bills Was that the permit Was not removed From the commission's databases The commission does have A rule around Allowing for written refund requests And the rule provides That refunds can be made In situations where No fee was originally required So if Walker were to request a refund The commission would Handle the request I mean is there any Is there any reason to think That you could continue Collecting payments If the automatic revocation Had happened in the way that you I don't know of any reason Why the commission Wouldn't respond positively To a request for a refund After the For fees paid after After the expiration date Your honor And Walker never requested a waiver No your honor Walker never requested a waiver And there's a I forget what statute it is What provision that says If you don't raise it Before the commission You can't raise it in court Walker never requested a waiver Before the staff At the point When after the staff Dismissed Walker's license application And canceled the permit At that point Walker in its application For review to the commission Argued that the commission Should not have Canceled the permit Or dismissed the license application At that point began Arguing for a waiver But there was never A formal request for a waiver Section 733598 of the rules Which governs construction Permit periods Has specific provisions about Tolling of construction permits Of authorized construction periods And standards for that And it requires That parties basically request Tolling under specified circumstances As soon as they're aware Of any tolling circumstances But here your honor There was never a request For waiver at the time Does the tolling only apply To minor deficiencies Tolling is actually a basis For extension of a construction period Prior to its expiration For circumstances beyond The control of the permittee The commission has also Left the door open For waivers of the construction periods In rare and unusual circumstances Outside of that The commission doesn't waive The construction period The three year construction period As discussed in our brief The commission in 1998 Revised its rules to adopt Automatic forfeiture provision And establish a strict Three year time period Now the commission In the clear channel case The council mentioned In a line of similar cases Has waived the deadline In situations where  Was filed a day Or a number of days After the deadline So essentially they missed The formal filing deadline But the permittee Was able to demonstrate The construction was complete And the station was ready to operate I think the critical distinction Between those cases And this case Is that in this case The station was not ready to operate The condition that Walker Demonstrate non-interference With another license service Was an express operating condition Of the license So the license specifically provided This station will not be ready to operate And will not be allowed to operate Unless this documentation is submitted Demonstrating non-interference And that ready to operate language Mirrors the language of the statute Which says that A station must be ready to operate By the expiration Of its authorized construction period Or the forfeiture will be automatic Now for many years The commission didn't Despite the language of the statute The commission's rules provided That there would have to be Some affirmative action On the part of the commission To forfeit a permit The commission finally in 1998 Decided that those rules Weren't working as well as they should And wanted to add additional urgency To the construction process And so it adopted this new regime For automatic forfeiture Nor is waiver warranted Let alone compelled on equitable grounds Walker never requested a waiver Or excused his failure To meet the original permit deadline Walker did not attempt to revive Its forfeited permit Until six years later After the Spectrum Act Established financial rewards For eligible broadcasters To participate in the auction Finally Walker's Disparate treatment argument Relies on unapproved staff decisions That are not binding on the commission And in contrast to the stations In those cases Walker's station never served the public We respectfully ask that the court Affirm the commission's decision Thank you, your honors Mr. Ferrandi I know you didn't have any time left But we'll give you a moment for rebuttal Thank you, your honor I'd just like to underscore There's a very big difference Between the tolling provisions And these act of God type exceptions That let you extend your time for construction And what we're talking about here And what's at issue In the Clear Channel decision In the WRKH decision The commission cited in note 87 Of our opening brief The commission explained That the streamlining order Deals with saving resources Devoted to the unnecessary task Of canceling expired permits And so notifying the former permittees And has no bearing On a waiver Of an untimely filed application And it's the same problem here As an untimely filed application You need an application To get on the air and operate Here we needed an application That included an interference study To get on the air and operate It's the same thing In the Clear Channel decision Approving this staff practice of waiver Also shows that the commission Is bound by these precedents We rely on for disparate treatment It was aware of this staff practice And approved it And says in Clear Channel Any rule can be waived by the commission And staff has delegated authority to do that Thank you, your honor Thank you Case will be submitted
judges: Brown, Srinivasan, Randolph